Good morning, Your Honors. May it please the Court, my name is Mark Zarnowski. I'm with Clark Hill, PLLC, and I represent Clark County in connection with this matter. I would like to try and reserve approximately four minutes for rebuttal. This case, Your Honors, poses the following question. Pursuant to Nevada statutes and Clark County ordinances, may a private enterprise keep for its own profit transient lodging taxes that it has already charged and collected from its customers? The answer to this question and this case matter is a matter of first impression in the State of Nevada. The Nevada Supreme Court has never addressed the transient lodging tax enabling statutes in connection with the county ordinances that it mandates the counties adopt. We urge this Court, and we urged the District Court, that rather than allow a U.S. District Court judge sitting in a diversity jurisdiction case to make this decision that significantly impacts the taxing structure in the State of Nevada and involves hundreds of millions of dollars potentially of tax revenues, that the Nevada Supreme Court should, you should defer to the Nevada Supreme Court to answer relevant questions. Let me ask you a question. Yes, sir. If we were to determine that the defendants were not managing agents, don't you lose? I don't believe you can do that under the record that is here. Okay, but that's not my question. I understand and you'll get to that, but my question is, if we were to determine as a matter of law based on what was presented below that the defendants are not managing agents, do you lose? I believe so, Your Honor. All right. And then is there a reason why we should not apply what is in, and I apologize if I have the case name wrong, the Nittinger case in looking to whether there is a triable issue of fact as to whether the defendants are managing agents? Isn't the test set out fairly clearly in the Nittinger case? Well, I believe, Your Honor, first you don't have a sufficient record to do so because we were denied the ability to conduct any discovery whatsoever into the issue of whether or not there was a managing agent. That was partly one of our objections to the summary judgment. But counsel, my question is, does the Nittinger case lay out Nevada governing law on whether the, putting aside the issue of whether the record is clear enough or whether you were denied discovery, would there be anything we would need to do on a complete record to determine if your clients were, if the defendants were managing agents? Doesn't the Nittinger case give us Nevada law to apply? Well, I think you could. Okay. I mean, the question is should. Should you? Not necessarily could you. And I believe under the facts of this case, I think that would be a significant injustice to Clark County. It would be, I believe, based on the record and the problems associated with the district court's decision, I don't think it's something that you should do. I mean, frankly, you all can do almost anything you want to do. Yeah, but that's not my question. Yes, sir. My questions were, on the last question, is there something that is in Nevada law that is materially different or in addition to what's in Nittinger in determining on an appropriate record whether the defendants were managing agents? And it sounds like you've said no, but you don't have enough in the record to make the determination. So you could apply Nittinger if the record was complete enough, but it's not here, seems to me what I've interpreted your answer to be. Yes, and I hope to be able, I'd rather not do it right this moment, to give you in the record some factual basis for which it creates a genuine issue of material fact as to whether or not there are managing agents involved. But the reality of this case is that the district court judge didn't decide whether there was managing agent status. He didn't decide whether Clark County ordinances imposed the tax against the defendants. What he said is, it doesn't matter one whit what the Clark County ordinance says because the enabling statute says that you must be a person who is in the business of providing lodging. And the district court judge ended up deciding, strictly using his own definitions, what it meant to mean providing lodging without reference. Can we go back to the discovery because it seems like, you know, we're either interpreting a statute or a county ordinance and there are legal tools we can use to try to figure out what some of these things like a managing agent means. On the discovery, what do you claim that you didn't have the opportunity to do in the district court? We were not able to do in the district court any discovery that related to the how the contracts themselves were performed between the parties to the extent that we could say, well, listen, how and where do you impose your taxes? How do you make the charges? Didn't you get some limited discovery? Very, very limited. Did you seek review of the denial of that? Did you make a motion to compel against the defendants? We filed a motion to compel in front of the magistrate. We then filed objections to the magistrate's report that imposed limitations. And when the judge ultimately granted the summary judgment, he never even considered our objections to the limitation on discovery. He just said the it is now moot because I've entered the order and summary judgment. What do you expect the discovery would show? Because we're talking about sort of different types of entities. One is, you know, people, companies that provide actual lodging. The other is the companies we're talking about here, which are sort of online, you know, intermediary sellers of rooms through this electronic booking service. What makes you think those should be regarded as managing agents? Your Honor, the answer to that question isn't coming from me. It's coming from other district court judges throughout the land who have considered similar cases. It is laid out in our brief and in our various papers exactly what facts — well, first, what discovery was taken in other cases involving the OTCs that we felt was necessary. Millions of pages of documents, testimony from hundreds of agents who executed the contracts. And we laid out, just from the other cases, what judges said the discovery was. And we said we believe we need this discovery to do this. We then didn't hypothesize as to what the discovery would show. We actually looked at what real judges who looked at that discovery made as their findings of fact in cases. And we laid out and said, if you allow us to do discovery, we have the — we believe that we will be able to make the case that these are the factual findings, and we're not guessing. Because other judges have made those findings. Sorry to interrupt you. Do any of the other statutes or ordinances from other states involve the term managing agent? There were none that involved managing agent. As Nevada Supreme Court has said, though, the issue of whether, first of all, there is an agency is generally — I'm not going to say always, but almost always a question of fact. And second, they've laid out that when you give certain amount of discretion and the agent is able to perform discretionary duties that lock in the principle, then those are performing a managing agent functions, and that those are questions of fact that have to be determined by a fact finder. Are there other — are there any other cases that are pending in the Nevada state court system that raise these issues that you're aware of? Yes, Your Honor. We happen to be counsel for the state of Nevada. State of Nevada is suing these same defendants in the state court of Nevada. We've been through multiple proceedings there, been to the Nevada Supreme Court once on the matter, are currently in front of the Nevada Supreme Court again, where the defendants herein are claiming that the decision of the district court judge has collateral estoppel effect against the state of Nevada. What's the status of the Nevada Supreme Court proceedings? Have you argued that or briefed it? When do you expect the decision? It's fully briefed at this point on the second writ of the petition for writ of mandamus on the issue of collateral estoppel. I'm sorry. Tell me — I don't mean to interrupt your answer to Judge Bress. What's — what is the collateral estoppel issue? The collateral estoppel issue is that the OTCs, the defendants, are arguing that the state of Nevada is collaterally estopped from arguing that the transient lodging tax applies to their businesses because of the decision of the district court judge herein that the enabling legislation or that the OTCs are not engaged in the business of providing lodging. And I assume that you have responded since all — in these types of diversity cases where there is an undecided issue, all the federal courts are doing is predicting that if the Supreme Court says the federal courts were wrong, by definition, they can't be collaterally estopped from changing Nevada law because all we're doing is predicting. I assume you've made some variant of that argument. Your assumption would be correct. However, the specific issue before the Nevada Supreme Court is not managing agent. The specific issue before the Supreme Court is collateral estoppel. And so they don't get to look necessarily at the underlying decision of the federal judge in the petition that is before the Supreme Court. Does Nevada generally apply the restatement of judgments in determining collateral estoppel issues? Yes, sir. When do you expect a decision in that matter? You know, the Nevada Supreme Court takes a long time on some matters, a short time on others. I just — I would not even hazard a guess. Putting aside the collateral estoppel issue, does that case present the same two questions we have here in terms of the meaning of the Clark County ordinance and the statutory language that is the backdrop for this? At the Clark County District Court level, the answer is yes. At the Nevada Supreme Court level, currently, the answer is no. It's strictly collateral estoppel. What did the Clark County District Court find, then, in that case? The issue of managing agent has — on a motion to dismiss, we prevailed. On multiple motions to dismiss, we prevailed. We're now in a position where we are stayed pending whether or not the collateral estoppel applies. So the Clark County District Court has not had the opportunity yet to decide that. I want to come back to the District Court's reasoning. So the statute clearly gives the counties the ability to define what transient lodging is, so what kinds of lodging trigger the tax. What I don't see in the statute is a provision authorizing counties to define who is liable for the tax, which is what Clark County did. Well, Clark County defined transient — Clark County did multiple things, I grant you that. But in terms of the definition, they did impose a definition of transient lodging in — Well, you would agree with me, right, that in defining the managing agent and these categories of entities that are going to be responsible for paying the tax, that's outside of defining what transient lodging is. I think it depends — I think the two are interlinked, Your Honor. All right. Well, even if that's true, I come back to my question, which is, what in the statute allows the counties to define who is going to be responsible for paying the tax? Once you define what transient lodging — or what lodging and transient lodging is, it becomes simple, if you allow me for just a moment to follow the logic here. The District Court judge says providing lodging means you are the proprietor of the property and you're the one that hands the key to the guest when they walk in. Clark County ends up in their ordinance, 4.0800516, saying that transient lodging — oh, I'm sorry, let me make sure that's the right one. The right to possess. Clark County says that it's not just providing a room that is providing lodging. Transient lodging includes transferring the right to possess the room. And in discovery, the limited discovery — How is that defining transient lodging? Because if you are taxing any person, any person that is engaged in providing lodging, if you are a person that engages in providing transient lodging, the right to possess the room, then you fall within the enabling statute as a person that is providing lodging. So then extrapolate and to say a managing agent who makes available the right to possess the room, then those two are interlinked in that fashion. So I want to follow, and then I'll let this go, but I want to make sure I understand your argument. Is your argument that the county's definition is somehow developing the state statute definition of persons in the business of providing lodging? Or is your argument that the county's definition of managing agent is somehow coming under the grant of authority to define transient lodging? I think it's both. Okay. Can I ask along these lines, what would be the state's position on a travel agent, like a traditional travel agent? Is that person — should they be — if they're taking receipts from somebody who's coming to visit Las Vegas, should they be paying this tax? The traditional travel agent relationship, the travel agent does not collect the room rent at a discounted room rate, then collect the transient — decide what the transient lodging taxes are and then collect the transient lodging taxes. It is — a travel agent is an agent. It calls and it makes an arrangement and books a reservation. It doesn't transfer the right to a hotel room or the right to possess. The hotel does. Here, the discovery itself and the contracts themselves say that the OTCs are transferring a right to possess. They have the contract with the consumer, not the hotel. The consumer isn't paying Orbitz or Expedia all this money to travel to Las Vegas, get a hotel room, pay the taxes, show up at Caesars Palace and say, I booked my thing through Expedia and then — only to find Caesars say, you don't have a room. Caesars has, with a contract with Orbitz, said, you guys can go ahead and sell our rooms. You can sell the right to possess our rooms. You can decide how much to charge for those rooms. You decide how much taxes to collect. You collect the taxes. You collect the amount. You manage that contract with the consumer. When was this statute put in place, the business of providing lodging? Do you know? I'm sorry? When was this statute put in place, the business of providing lodging, roughly? Years ago. Right. It's probably been around for a while. I mean, we're here trying to parse this. Another solution, given developments in online bookings, would be — and you represent the state — for the state to just change this statute and more clearly encompass the defendants here. Why not just pursue this through that avenue? Well, first of all, we don't think that it is ambiguous at all. Second, such a solution would be forfeiting hundreds of millions of dollars' worth of tax revenues that have already been collected by the defendants and that they have retained for their own profit. I mean, future legislation may work for future transactions, but it isn't going to help collect the money that these people have pocketed for years and years and years, charging taxes, telling the consumer that they're charging them the 13 percent tax, and then keeping it instead of giving it to the state. I'm sorry. No, I was just going to say — go ahead. I mean, we're here in 2024. It's not like Orbitz and Expedia just came into being yesterday, right? They've been at this for some time. And so I hear you on the taxes you believe were owed, but this also seems to be a problem that has existed for some time under your state's laws. I don't disagree with that, Your Honor. Maybe if I ran Clark County 10 years ago, I would have tried to raise the suit earlier. But I didn't. They came to our law firm and wanted to pursue this after we filed on behalf of the state, and we took the case. I don't have much time left, but I would like to try and keep whatever I've got left for rebuttal. Thank you.  Good morning. May it please the Court. Thomas Peterson. I represent the Appalese. I'd like to start with Judge Forrest's question. There's nothing at the state level that authorizes the county to change the definition of who is responsible for the tax. The provision that Your Honor referred to does, in fact, allow them to define types of lodging, that is, campgrounds. It has a whole list of possible things that are or are not subject to the tax, but it does not allow them to change the definition of an operator. And that's important as against the background rule in Nevada, so-called Dillon's Rule, that says that unless an authority is expressly granted to the county, that it doesn't have it. What do you mean by it doesn't allow them to change the definition of operator? Is the definition of operator somewhere in the Nevada statute? It is, Your Honor. It's in the statute 3351 and 3352. It's not there. I have those in front of me. What are you referring to? What I'm referring to is the part of the statute that speaks about it applying to persons in the business of providing- It doesn't use the word operator. No, it does not use the word operator. You can't get around that. You can't make your argument based on magic words in contracts. If someone's functional activities are in the business of lodging, no matter what they're called, they're subject to the tax, right? And Nevada has recognized that in the context of- Yes, I agree with you. But there's something about Dillon's Rule or Nevada law which says that if the counties say that when an operator is performing their functions through a managing agent under Nevada law, which is pretty strict to be a managing agent, that somehow exceeds the county's power to say if basically you're using a proxy who basically has the type of discretion that a managing agent has. They're not responsible for the taxes. The counties can't do that? No, no. I'm not suggesting that you could- In fact, let me just raise the best example of the classic managing agent, which is I own a hotel and I hire Sheraton to run it for me. No one would question that Sheraton is providing occupancy in that scenario. You're not arguing that the 4.08.005 subsection 16 definition of operator is ultravirous? No. What I'm saying is that you don't have to get, as the district judge did here, you don't have to get to it because I think you can get as far as you need to go in the of a proprietor or the person providing occupancy because I think that would include someone who is a true managing agent. But have you argued anywhere that the definition of operator in the county ordinance is ultravirous? No, we have not. Our position is that we do just as well if you want to try the true definition of what a managing agent is. But like the district court, I don't think you have to get there because I think the concept of a proprietor is broad enough that it establishes that what the online travel companies do is not sufficient to qualify under a managing agent or a person providing transient lodging. So is it fair to say then that you don't have a problem with the county's definition of operator but you have a problem just with the managing agent part of that definition? I have a problem with how they interpret what would qualify as a managing agent. So I'm sort of talking about what authority does the county have to provide further understanding of the state statute? Yes. If your position is that the definition of operator is not inconsistent with the state statute, then why would there be a problem with the county's definition? It turns again on how you decide you're going to define managing agent. I think if you use the kinds of concepts that Judge Bennett was talking about in his questions based on the Nittinger case and also on some of the, there's for example a 1989 opinion of the Nevada Attorney General which makes very clear that we're talking about someone who is either the hotel proprietor or the person who runs the hotel. If we're talking about those kinds of people, then I don't have a problem with the concept that those people are covered. But we're not talking about that here. And perhaps a perfect example of why we're not is if you look at the amendment that the Nevada legislature adopted to specifically address hosting platforms and what are termed facilitators of accommodations. It adopted that recognizing the need that its existing statutory scheme does not reach persons of that sort. But it only applied it in the context of short-term residential rentals and not hotels, which is what we're talking about here. Which I think to judge, one of Judge Bress's questions, is a good, these laws, the two we're talking about I believe were enacted in 1991. And so Nevada does have the authority and has exercised it to some extent to clarify and apply them in what I'll call the modern technology world, but not with respect to this kind of taxation that we're talking about. Well, other states have passed laws levying this type of tax on entities like your clients, right? And there are, yes, there are. But first, let's note that if we're looking at the, there's an array of decisions which have been handed down with respect to these taxes. Insofar as we're talking about jurisdictions that have the same operator type taxation, taxation tied to the provider, the OTCs have uniformly prevailed in all of those cases. But states aren't limited to that route in trying to tax entities like your clients. Nevada chose that route, but they weren't limited to that. You're right, Your Honor. And my clients have lost some of the cases where jurisdictions have focused the tax on sales rather than on operator. And in Hawaii, my clients lost on the G.E.T. I am familiar with that. I think the discussion about the definition of operator, and it starts to get a little circular in the sense that on the face of the county provision, it's hard to see how they've expanded it. That issue only comes into play if we start to talk about things that are far outside the plain text of the ordinance itself. And then that gets you to the issue of a managing agent. And we have some definitions of managing agent in the law, both from the Nevada Supreme Court and elsewhere. I was talking about someone who has independent policy authority, discretion. Why do you think your clients don't fall into that category of managing agents? Because they don't have any of that kind of authority. What they are, they are facilitators. They are accommodation facilitators. Who sets the room rates? The room rates are set by the hotel. So let me just explain. What my clients do is they facilitate the placement of reservation, and they also offer a much broader service which allows consumers to go explore different travel options. They can select the hotel they want. They can combine it with all sorts of other travel provision, travel services. So but in terms of the so-called right to occupy, and in terms of the ability to actually enter the hotel, that's all controlled by the hotel. The hotel specifies the rate that it expects to receive in exchange for the room. My friend started his argument by saying something which is just flatly incorrect and contrary to the testimony of Ms. Camerota, which is in the record. He suggests that somehow the online travel companies are pocketing something they're describing as tax. That's untrue. What they do is the hotel tells the online travel company what it wants for the room, $100, and then the hotel tells the online travel company what is the applicable rate. So it includes in its charge, which is what the hotel expects to receive, the estimated tax, which the online travel company pays to the hotel, and the hotel pays to the jurisdiction. So it's not as though anybody's evading tax. And then there's service fees and facilitation fees for what the online travel company does. Okay. So your friend on the other side says, yes, but we needed more discovery on this to probe the mechanics of how this business works. So what's your response on that? They didn't need any more discovery because the undisputed facts are that my clients do not own, operate, or have any managerial authority with respect to any hotel. Let's also focus on what my friend told you, that he was very specific about what he wanted by analogy to a couple of different cases where they drew attention to what was provided in those cases. Look at page 15 of his reply brief. He repeats it here. He says, what we needed were the materials that were available in the Arkansas and the Mississippi trial court cases. In both of those cases, with operator-type statutes, the state supreme courts reversed the judgments and directed judgment for the OTCs on the basis that the OTCs do not operate and are not hotel proprietors. So there's nothing to suggest that any of this discovery would have been at all material in any way to the outcome of this case. And so the district court certainly didn't abuse its discretion in deciding that it didn't need to look at those materials. And it's also unfair to say that Judge Mahan refused to do that because he specifically says in his order denying the 59E motion for reconsideration that those materials were before him and they were not necessary for him to consider for purposes of his decision. Okay. What about the Nevada state court case that's pending that was referenced? Yes. So the Nevada state court case, so first, my friend says the state has brought us. Are you counsel in that case? My law firm is, Your Honor. Frankly, I haven't been as involved in it, so I'm hoping I've learned enough about it to be able to answer your questions today. So first, my friend says that's a case brought by the state of Nevada. It's a key TAM case. So the state, the Attorney General of Nevada declined to take that case over. In that particular case, in addition in the mandamus briefing, which you have before you as an attachment to their motion to certify to the Nevada Supreme Court, you'll see that as Judge Bennett, you anticipated, there are all sorts of arguments they have for resisting the application of collateral estoppel, including issues about and so on, and also issues about, you know, whether the court should consider collateral estoppel. In that case, the Nevada Supreme Court has before it briefs. It's made no decision even as to whether it's going to decide the case. So like many mandamus petitions, I suppose it might never get anywhere at all. So it's a bit of speculation as to what it might lead to. The questions that are asked to certify, those aren't the questions that are a part of that case. At page 11 of their motion to certify, they admit that it's purely collateral estoppel questions. And plus, again, the focus of Judge Mahan's decision here is all on this issue about, you know, whether someone is providing occupancy for purposes of the state law. And so those are the relevant analogous issues that are present in that case. Do I correctly assume that one of the arguments that's been made there in opposition to a request for mandamus is that the petitioner has an adequate remedy, an adequate appeal right remedy. And so even if they're right on the law, mandamus still doesn't lie? Your Honor, I'm pretty sure that's correct. And if my memory is faulty, you have the I mean, I think that's your Honor's consider mandamus all the time. And in my experience, deny them routinely precisely for that reason. So that's a possibility. So that's the status of the case. And in terms of why the trial judge in Nevada declined to declined to impose collateral estoppel, it's a fairly complicated question having to do with a false claims act issue. There was an earlier decision in the Nevada Supreme Court that my friend alluded to where the court was asked to dismiss the case because there was a prior action brought by the state. And the Nevada Supreme Court says, well, there's some differences as to the relevant parties. And so Nevada has a fairly Byzantine set of rules about who's the plaintiff and whether the state can suit for the county and all the rest of it. And let me also just emphasize, because I think this also on the question of whether to certify, you have in addition to what I regard as unambiguous statutory guidance here about Nevada law with respect to what does it mean to provide occupancy? If you get to the operator question, what is a managing agent? And you've got the amendment that was made with respect to hosting platforms, which is exactly what we're talking about here. And let me just add there, in terms of other states, just as Judge Bennett, you recognize that other states can impose taxes. Well, in Mississippi, Maryland, and also in third jurisdiction, I'm blanking on, but it's in the brief. In each of those cases, the states determined that their lodging tax did not apply to the OTC because there had been separate laws enacted with respect to residential rentals. And they specifically contemplated and took into consideration these platform type facilitating companies. And so the court said, quite logically as a matter of statutory interpretation, that the specific controls, and if our general tax laws apply to people in this facilitating role, then the legislature wouldn't have had to specify them as the relevant entities for purposes of these short-term residential rental cases. And going back to the question to certify to the Nevada Supreme Court, you know, the certification is supposed to be limited to situations where there is a significant difference in the relative competence of the federal court and the state court. It's a burden on the state court to send many years ago in the Lehman case, which we pointed out, which I found surprising because it's fairly much a long suggestion of why certification, which I know federal courts have developed a lot of enthusiasm before, has many more pitfalls that ought to be taken into account. It means it shouldn't be so readily adopted. Here, we're talking about statutory construction, front, left, and sideways, in terms of the issues that you have before you. And it's notable that there's all sorts of federal cases that have decided these occupancy tax cases, and there's not a one that has ever certified to a state supreme court. And there's also the Bedford Park case from the Seventh Circuit, where the court went through and explained that it didn't make sense to certify because this is the classic kind of a situation where the question was whether there is or isn't a triable issue of fact as to whether your clients are managing agents under the ordinance, that there's no controlling question to certify to the Supreme Court. I agree with that. And Your Honor, I'd go a step further. If you look at the questions they've certified, look at the second question, which is part, which you need, in order to make the question relevant, the legal question. The second question presupposes that the online travel companies are selling a right to possess. That's not established in the record, and it's contrary to the facts. Because as I mentioned to you a few moments ago, even at the reservation stage, the reservation that my clients facilitate is placed at the hotel. The You have to be of age. You have to not be intoxicated. And this is made clear to the guest by virtue of the various pages on the website that you see when you place the reservation. And the hotel can only give you a reservation if it hasn't been oversold. So this idea that, so the question has built into it. It's more factual than legal, and hence it's not appropriate for certification, excuse me, and it's not appropriate under Rule 5 of the Nevada Rules of Appellate Procedure, which make clear that the court is only supposed to decide significant questions of Nevada law for purposes of the certification process. So let me just take a look here. I think I've covered the main points that I wanted to touch upon, unless the judge, unless your honors have further questions for me? No. All right. Thank you. Thank you. And counsel, we will give you two minutes for rebuttal. Thank you, your honors. As to counsel's arguments regarding setting the room rates, and also relates to the managing agent issue, I would like to highlight footnote 10 of our opening brief, in which the rate information, this comes directly from the contract between Expedia and the Venetian. Hotel authorizes Expedia to calculate on behalf of hotel, and in accordance with this agreement, the relevant rates, as provided on a single day basis, as well as the relevant room prices, together with any hotel fees, taxes, and other amounts payable, based on the information entered by hotel, through its approved third party connectivity partner. And any such action by Expedia to derive such rates, hotel fees, taxes, or other amounts, shall be deemed hotel's action for purposes of this agreement. Hotel agrees to honor all stand alone or package bookings made during the term at the rate in the Expedia partner central, and the room price shown in the Expedia system. There is no doubt that it is the OTCs that set the price. Why couldn't you fail to read a sentence that says, notwithstanding the foregoing, hotel acknowledges that it will promptly notify Expedia if hotel believes that Expedia has incorrectly derived any rates, et cetera? Sure. I mean, that's in there, but this is a, you couldn't have a clear expression of an agency than is set forth here. Now, the question then becomes, is it a managing agent? But further, when they say you don't get a right to possess the room, that's not true. This provision itself says that the hotel will honor and must honor that contract between the hotel. The second thing as to the Mississippi and the Arkansas cases, I want to point out that those were not managing agent cases. They may have used the word operator, but the questionnaire that we're talking about is managing agent. The final point that I'll make, and it is to highlight, it deals with what seems to be the argument that you must be a proprietor or an owner to be subject to taxation under the enabling legislation. One of the cases that was cited by defendants is very similar, at least has some similar discussion about enabling acts. It's Louisville, Jefferson County, Metro Government v. Hotels.com LP. And that Kentucky statute says the rent for every occupancy of a suite room or rooms or other like or similar persons, groups, or organizations doing business as motor courts, motels, hotels, inns, or like or similar accommodations, businesses. That is a limitation to the proprietors. Our statute is persons, all persons, who are in the business of providing lodging. So we get back to that definition. Thank you. All right. We thank counsel for their arguments and the case just argued will be submitted.
judges: BENNETT, BRESS, FORREST